

# The Attorney General of Texas

March 18, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway. Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Charles B. Wood
Executive Director
Texas Industrial Commission
P. O. Box 12728, Capitol Station
Austin, Texas    78711

Opinion No. JM-15

Re:   Use of bond proceeds
raised under article 5190.6,
V.T.C.S., for public display
of works of art

Dear Mr. Wood:

You have requested an opinion as to whether a requirement of the city of Austin that the Austin Industrial Development Corporation allocate a predetermined percentage of the bond proceeds of each project financed under its authority to "a public display of works of art" is consistent with the legislative requirement that such bond proceeds be used in promoting and developing industrial and manufacturing enterprises which promote and encourage employment and the public welfare.

The legislation authorizing such financing is the Development Corporation Act of 1979, article 5190.6, V.T.C.S.  Section 21 of the act authorizes a municipality to establish an industrial development corporation "to issue bonds. . . to finance the cost of projects to promote and develop industrial and manufacturing enterprises to promote and encourage employment and the public welfare."  Section 2(10) defines "project" as the land, buildings, equipment, facilities and improvements found by the board of directors of the industrial development corporation to be required or suitable for the promotion of manufacturing development and expansion and for industrial development and expansion of certain facilities, as well as facilities related to these manufacturing and industrial facilities, and in furtherance of the public purposes of the act.  Section 3 states in part:

> It is hereby found, determined, and declared:
>
> (1)   that the present and prospective right to gainful employment and general welfare of the people of this state requires as a public purpose the promotion and development of new and expanded industrial and manufacturing enterprises;

(2) that the existence, development, and expansion of industry are essential to the economic growth of the state and to the full employment, welfare, and prosperity of its citizens;

(3) that the means and measures authorized by this Act and the assistance provided in this Act, especially with respect to financing, are in the public interest and serve a public purpose of the state in promoting the welfare of the citizens of the state economically by the securing and retaining of private industrial and manufacturing enterprises and the resulting maintenance of a higher level of employment, economic activity, and stability;

. . . .

This Act shall be liberally construed in conformity with the intention of the legislature herein expressed. (Emphasis added).

The intention of the legislature is to be found in the language of the statute. Duval Corporation v. Sadler, 407 S.W.2d 493, 497 (Tex. 1966); McGuire v. City of Dallas, 170 S.W.2d 722, 725 (Tex. 1943).

Section 3 of article 5190.6 sets out the legislature's intention in enacting the statute. The fundings and declarations emphasize the need to promote the economic welfare of the general public. The intent which permeates the language of the statute is the promotion of economic, not aesthetic, welfare. Compare Attorney General Opinion M-531 (1969) (appropriation to Fine Arts Commission to educate general public about fine arts). As already noted, the term "project" for example, is defined to include facilities related to specific manufacturing and industrial facilities. Sec. 2(10). Section 21 authorizes the issuance of bonds "to finance the cost of projects to promote and develop industrial and manufacturing enterprises to promote and encourage employment and the public welfare." Bond proceeds should be spent to further the legislative purpose expressed in article 5190.6, V.T.C.S.

The act describes the results sought as "a higher level of employment, economic activity and stability." Although the public display of works of art certainly promotes the general public welfare, in the narrow confines of the act before us, the public welfare being served is clearly that of a purely economic nature.

A municipal requirement more appropriate to the purposes of the act would be one dealing with the labor intensive nature of projects funded under the act.

## S U M M A R Y

A requirement by a municipality permitting creation of an industrial development corporation that a predetermined percentage of bond proceeds of each project be allocated to "a display of works of art" is not consistent with the requirements of the Development Corporation Act of 1979.

Very truly yours

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Michael Cafiso
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Michael Cafiso
Rick Gilpin
Jim Moellinger